## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | |
|     ) | |
|     Plaintiff,     ) | |
|     ) | |
|     v.     ) | Civil No. |
|     ) | |
| JOHN H. KIMBALL, JR.,     ) | |
| KIMBALL FAMILY TRUST, and     ) | |
| BIRCH ROAD COUNTRY HOMES,     ) | |
|     ) | |
|     Defendants.     ) | |

## UNITED STATES' COMPLAINT

The plaintiff, United States of America, pursuant to 26 U.S.C. §§ 7401, 7402 and 7403, brings this action to: (1) reduce to judgment unpaid taxes, penalties, and interest owed by the taxpayer, John H. Kimball, Jr.; (2) enforce federal tax liens against interests held by Mr. Kimball and/or his nominee, the Kimball Family Trust.  In support of its complaint, the United States makes the following allegations:

### JURISDICTION, VENUE AND PARTIES

1. Jurisdiction is conferred upon the District Court pursuant to 26 U.S.C. § 7402 and 28 U.S.C. §§ 1331, 1340 and 1345.

2. The defendant John H. Kimball, Jr. ("Kimball") owns the property at issue in this case, which is located in Greenwood, Maine, within the jurisdictional boundaries of this Court.

3. Defendant Kimball Family Trust (the "Trust") is Kimball's nominee.

4. Birch Road Country Homes is named in this action pursuant to 26 U.S.C. § 7403(b), because it may claim an interest in the property on which the United States seeks to enforce its federal tax lien.

1

4.      Venue properly lies in this district pursuant to 28 U.S.C. §§ 1391(b) and 1396 because defendant Kimball resides in this judicial district and because the subject property, identified below, *infra*, is situated in this district.

**The Property**

5.      By Warrantee Deed, dated August 3, 1989, and recorded on August 7, 1989, with the Oxford County Registry of Deeds, Kimball, as trustee of the Trust, purchased a property located at 4D Condo Lane, Unit No. 14, Greenwood, Maine (the "Property") and fully described as follows:

> The unit ("Unit") designated as Unit No. D-14, Building D, in Birch Road Country Homes, A Condominium, located at Birch Road, Greenwood, Oxford County, Maine ("Birch Road Country Homes") created pursuant to the provisions of the Maine Condominium Act by Declaration dated September 8, 1986, and recorded in the Oxford County Registry of Deeds in Book 1444, Page 180, ("Declaration")., and the Plats and Plans recorded therein December 19, 1986 as Map Numbers 2152, 2153 and 2154 with reference to said Declaration.  See also First Amendment to said Declaration submitting Added Land together with Buildings B, C, and D to the condominium status dated September 1, 1987, and recorded in the Oxford County Registry of Deeds in Book 1506, page 270, as amended by Addendum to Affidavit of First Amendment dated September 11, 1987, recorded in said Registry of Deeds in Book 1507, Page 171.  See also a revised Site & Utility Plan dated August 24, 1987 and the accompanying floor plans, all recorded in the Oxford County Registry of Deeds as Map Numbers 2234, 2235, 2236, 2237, 2238 and 2239.  Said Unit being part of the premises conveyed to the Grantor herein by deed of Mt. Abram Ski Slopes, Inc., dated August 25, 1986, and recorded in the Oxford Registry of Deeds in Book 1415, Page 216.

> The Unit is conveyed with the benefit of and subject to:

> (a)      Provisions of (1) the Maine Condominium Act, as that statute may be amended from time to time; (ii) the Declaration, as the same may be amended from time to time by instrument recorded in the Oxford County Registry of Deeds;

> (b)      Existing rights, obligations, easements, restrictions, licenses, covenants and conditions reserved or contained or referenced in the Declaration;

> (c)      Such taxes and assessments allocable to the Unit for the current fiscal (tax) year as are not due and payable on the date of delivery of this deed. Oxford Bank and Trust Company joint in this deed to release the above

2

> described premises from the lien of two certain mortgages from Mt. Abram
> Development Corp., Inc. to it, one dated April 28, 1987, and recorded in said
> Registry of Deeds in Book 1472, page 102, and the other dated February 1,
> 1989, and recorded in Book 1635, Page 84.  Said Bank does not join in the
> warranties extended by this deed.

*See* Oxford County Registry of Deeds in Book 1472, page 102, and the other dated February

1, 1989.

### Notices of Federal Tax Liens

6.      Notices of Federal Tax Liens against Kimball for his federal tax debts –

Kimball's tax liability will be discussed in greater detail below – were recorded in the

Oxford County Registry of Deeds on April 29, 2010, August 2, 2010, September 7, 2010,

and November 11, 2010.

7.      In addition, Notices of Federal Tax Liens against the Trust, as Kimball's

nominee, for Kimball's federal tax debts were recorded in the Oxford County Registry of

Deeds on March 12, 2010, July 14, 2010, August 13, 2010, October 1, 2010, September 12,

2011 and October 6, 2011.

### COUNT ONE
### (To Reduce Tax Assessments to Judgment)

8.      On the following dates, a delegate of the Secretary of the Treasury of the

United States made the following assessments in accordance with the law against Kimball

for his federal income taxes with a balance due as of February 26, 2014.   In addition,

Kimball is liable for trust fund recovery penalties ("TFRP") pursuant to the provisions of 26

U.S.C. § 6672 by reason of his willful failure to collect, truthfully account for and pay over

to the United States, the trust fund portion of federal income and Federal Insurance

Contributions Act ("FICA") taxes withheld from the wages of the employees of his law firm

for the following periods in the following amounts, with a balance due as of February 26,

2014.  Further, on the following dates, a delegate of the Secretary of the Treasury of the

United States made the following assessments in accordance with the law against Kimball for certain employment taxes, including the Federal Unemployment Tax Act taxes, related to his law practice, which Kimball owned or owns as a sole proprietor, with a balance due as of February 26, 2014:

| Tax Type | Period | Date of Assessment | Assessment Type | Amount Assessed | Balance as of 02/26/2014 |
|---|---|---|---|---|---|
| 1040 | 2001 | 03/05/2007 | Tax | $    14,523.00 | $     120,075.89 |
| | | 12/26/2006 | Pre-pay Penalty | $        575.00 | |
| | | 03/05/2007 | Late filing | $      1,017.67 | |
| | | | Failure to pay | $      1,130.75 | |
| | | | Interest | $      1,790.76 | |
| | | 02/04/2008 | Interest | $        588.78 | |
| | | 08/02/2010 | Fraud penalty | $    35,453.25 | |
| | | | Late filing | $    11,817.75 | |
| | | | Tax after exam | $    47,271.00 | |
| | | | Interest | $    55,405.21 | |
| 1040 | 2002 | 03/05/2007 | Tax | $    24,335.00 | $     233,523.22 |
| | | | Pre-pay Penalty | $        539.00 | |
| | | | Late filing | $      3,225.37 | |
| | | | Failure to pay | $      3,368.72 | |
| | | | Interest | $      4,380.72 | |
| | | 02/18/2008 | Collection fees | $         10.00 | |
| | | 05/03/2010 | Collection fees | $         10.00 | |
| | | 05/24/2010 | Collection fees | $         52.00 | |
| | | 06/07/2010 | Interest | $      1,907.09 | |
| | | | Failure to pay | $        215.03 | |
| | | 07/05/2010 | Interest | $        295.47 | |
| | | 07/19/2010 | Interest | $      1,200.00 | |
| | | 08/02/2010 | Fraud penalty | $    48,952.50 | |
| | | | Late filing | $    16,317.50 | |
| | | | Tax after exam | $    65,270.00 | |
| 1040 | 2003 | 02/19/2007 | Tax | $    12,904.00 | $     185,182.66 |
| | | | Pre-pay Penalty | $        333.00 | |
| | | | Late filing | $        878.40 | |
| | | | Failure to pay | $        683.20 | |
| | | | Interest | $        914.33 | |
| | | 02/04/2008 | Interest | $        459.32 | |
| | | | Failure to pay | $        292.80 | |
| | | 08/02/2010 | Fraud penalty | $    40,095.75 | |
| | | | Late filing | $    13,135.25 | |
| | | | Tax after exam | $    53,541.00 | |
| | | | Interest | $    46,695.37 | |

| Tax Type | Period | Date of Assessment | Assessment Type | Amount Assessed | Balance as of 02/26/2014 |
|---|---|---|---|---|---|
| 1040 | 2004 | 02/05/2007 | Tax | $ 9,698.00 | $ 171,483.83 |
|  |  |  | Pre-pay Penalty | $ 278.00 |  |
|  |  | 08/02/2010 | Fraud penalty | $ 38,730.75 |  |
|  |  |  | Late filing | $ 12,834.75 |  |
|  |  |  | Tax after exam | $ 51,641.00 |  |
|  |  |  | Interest | $ 37,604.58 |  |
|  |  | 09/13/2010 | Collection fees | $ 52.00 |  |
|  |  | 09/27/2010 | Collection fees | $ 52.00 |  |
|  |  | 11/01/2010 | Collection fees | $ 156.00 |  |
|  |  | 11/15/2010 | Collection fees | $ 104.00 |  |
| 1040 | 2007 | 02/15/2010 | Tax | $ 68,910.00 | $ 86,983.07 |
|  |  |  | Pre-pay Penalty | $ 1,234.00 |  |
|  |  |  | Late filing | $ 13,115.92 |  |
|  |  |  | Failure to pay | $ 6,412.23 |  |
|  |  |  | Interest | $ 6,150.26 |  |
|  |  | 03/29/2010 | Collection fees | $ 20.00 |  |
| 1040 | 2008 | 02/15/2010 | Tax | $ 56,121.00 | $ 90,001.90 |
|  |  |  | Pre-pay Penalty | $ 1,771.00 |  |
|  |  |  | Late filing | $ 7,437.28 |  |
|  |  |  | Failure to pay | $ 2,754.55 |  |
|  |  |  | Interest | $ 1,979.58 |  |
| 1040 | 2009 | 06/21/2010 | Tax | $ 41,617.00 | $ 58,715.33 |
|  |  |  | Pre-pay Penalty | $ 856.86 |  |
|  |  |  | Failure to pay | $ 416.17 |  |
|  |  |  | Interest | $ 187.40 |  |
|  |  | 08/16/2010 | Collection fees | $ 52.00 |  |
|  |  | 08/23/2010 | Collection fees | $ 52.00 |  |
| 1040 | 2010 | 08/15/2011 | Tax | $ 27,647.00 | $ 37,867.38 |
|  |  |  | Pre-pay Penalty | $ 592.00 |  |
|  |  |  | Failure to pay | $ 551.62 |  |
|  |  |  | Interest | $ 371.21 |  |
|  |  | 10/10/2011 | Collection fees | $ 52.00 |  |
| TFRP | 3rd Qtr. 2003 | 06/07/2007 07/09/2007 | Penalty Interest | $ 3,433.57 $ 24.16 | $ 4,303.54 |
| TFRP | 4th Qtr. 2003 | 06/07/2007 07/09/2007 | Penalty Interest | $ 6,072.38 $ 42.74 | $ 7,610.97 |
| TFRP | 1st Qtr. 2004 | 06/07/2007 07/09/2007 | Penalty Interest | $ 2,614.59 $ 18.40 | $ 3,277.06 |
| TFRP | 2nd Qtr. 2004 | 06/07/2007 07/09/2007 | Penalty Interest | $ 2,718.65 $ 19.13 | $ 3,407.47 |
| TFRP | 3rd Qtr. 2004 | 06/07/2007 07/09/2007 | Penalty Interest | $ 2,731.50 $ 19.22 | $ 3,423.60 |
| TFRP | 4th Qtr. 2004 | 06/07/2007 07/09/2007 | Penalty Interest | $ 1,018.03 $ 7.16 | $ 1,275.95 |
| TFRP | 2nd Qtr. 2005 | 06/07/2007 07/09/2007 | Penalty Interest | $ 1,396.00 $ 9.82 | $ 1,749.73 |

| Tax Type | Period | Date of Assessment | Assessment Type | Amount Assessed | Balance as of 02/26/2014 |
|---|---|---|---|---|---|
| TFRP | 3rd Qtr. 2005 | 06/07/2007 07/09/2007 | Penalty Interest | $ 2,618.73 $ 18.43 | $ 3,282.26 |
| TFRP | 4th Qtr. 2005 | 06/07/2007 07/09/2007 | Penalty Interest | $ 4,161.00 $ 29.29 | $ 5,215.29 |
| TFRP | 1st Qtr. 2006 | 06/07/2007 07/09/2007 | Penalty Interest | $ 4,561.00 $ 32.10 | $ 5,716.64 |
| TFRP | 2nd Qtr. 2006 | 06/07/2007 07/09/2007 | Penalty Interest | $ 4,854.00 $ 34.16 | $ 6,083.86 |
| TFRP | 3rd Qtr. 2006 | 06/07/2007 07/09/2007 | Penalty Interest | $ 5,210.00 $ 36.67 | $ 6,530.07 |
| 941 | 3rd Qtr. 2008 | 09/20/2010 10/25/2010 11/01/2010 11/29/2010 | Tax Late filing Federal deposit Failure to pay Interest Federal deposit Collection fees Collection fees | $ 6,870.08 $ 1,092.14 $ 384.59 $ 790.06 $ 712.63 $ 343.50 $ 52.00 $ 52.00 | $ 9,426.43 |
| 941 | 4th Qtr. 2008 | 09/20/2010 10/25/2010 | Tax Late filing Federal deposit Failure to pay Interest Federal deposit | $ 7,039.12 $ 1,014.27 $ 324.22 $ 703.91 $ 597.88 $ 351.96 | $ 8,544.35 |
| 941 | 1st Qtr. 2009 | 09/20/2010 10/25/2010 | Tax Late filing Federal deposit Failure to pay Interest Federal deposit | $ 7,215.10 $ 859.80 $ 212.45 $ 613.28 $ 505.98 $ 360.75 | $ 7,172.90 |
| 941 | 2nd Qtr. 2009 | 09/20/2010 10/25/2010 | Tax Late filing Federal deposit Failure to pay Interest Federal deposit | $ 7,395.48 $ 859.80 $ 203.43 $ 517.68 $ 422.54 $ 369.77 | $ 7,110.70 |
| 941 | 3rd Qtr 2009 | 09/20/2010 10/25/2010 | Tax Late filing Federal deposit Failure to pay Interest Federal deposit | $ 7,580.41 $ 1,221.07 $ 435.03 $ 416.92 $ 335.62 $ 379.02 | $ 10,009.49 |

| Tax Type | Period | Date of Assessment | Assessment Type | Amount Assessed | Balance as of 02/26/2014 |
|---|---|---|---|---|---|
| 941 | 4th Qtr 2009 | 09/20/2010<br><br><br><br><br>10/25/2010 | Tax<br>Late filing<br>Federal deposit<br>Failure to pay<br>Interest<br>Federal deposit | $ 7,769.88<br>$ 1,595.59<br>$ 675.23<br>$ 310.80<br>$ 245.09<br>$ 388.49 | $ 12,951.67 |
| 941 | 1st Qtr 2010 | 09/20/2010<br><br><br><br><br>10/25/2010 | Tax<br>Late filing<br>Federal deposit<br>Failure to pay<br>Interest<br>Federal deposit | $ 7,964.13<br>$ 636.28<br>$ 308.76<br>$ 199.10<br>$ 131.70<br>$ 398.21 | $ 8,053.53 |
| 941 | 2nd Qtr 2010 | 12/13/2010<br><br><br><br><br>01/31/2011 | Tax<br>Late filing<br>Federal deposit<br>Failure to pay<br>Interest<br>Collection fees<br>Federal deposit | $ 5,308.94<br>$ 955.61<br>$ 530.89<br>$ 132.72<br>$ 93.36<br>$ 10.00<br>$ 265.45 | $ 9,339.53 |
| 941 | 3rd Qtr 2010 | 12/13/2010<br><br><br><br><br>01/31/2011 | Tax<br>Late filing<br>Federal deposit<br>Failure to pay<br>Interest<br>Federal deposit | $ 5,308.94<br>$ 238.90<br>$ 530.89<br>$ 53.09<br>$ 26.20<br>$ 265.45 | $ 8,383.69 |
| 941 | 4th Qtr 2010 | 06/27/2011<br><br><br><br><br>08/01/2011 | Tax<br>Late filing<br>Federal deposit<br>Failure to pay<br>Interest<br>Federal deposit | $ 7,215.32<br>$ 974.07<br>$ 721.53<br>$ 180.38<br>$ 119.55<br>$ 360.77 | $ 10,013.85 |
| **Total** | | | | | **$ 1,078,806.86** |

9.     A delegate of the Secretary of the Treasury gave notice of the assessments, as described in ¶8, above, and made demand for payment of the assessments to Kimball. Despite such notice and demand, Kimball has neglected, failed or refused to pay the

liabilities in full and, as a result, there remains due and owing $1,078,806.86, plus interest and other statutory additions from February 26, 2014.

## COUNT TWO
## ENFORCEMENT OF FEDERAL TAX LIENS

10.     The allegations of paragraphs 1 through 9, above, are re-alleged and incorporated by reference in this count.

11.     Pursuant to 26 U.S.C. §§ 6321 and 6322, on the dates of the assessments set forth in Paragraph 8, above, federal tax liens arose in favor of the United States upon all property and rights to property belonging to Kimball, including the Property,  and those liens continue until the liens are either satisfied or become unenforceable.

12.     Kimball holds an interest in the Property even though it is held in the name of the Trust.  The Trust was created on August 2, 1989, with Kimball as the sole trustee. The following day, Kimball purchased the Property in the name of the Trust.  On August 6, 1993, Kimball resigned as the trustee, and Marilyn Kimball, who is Kimball's sister, accepted the appointment of trustee of the Trust.

13.   The Trust holds the Property as Kimball's nominee.  Kimball personally pays all condominium fees, utilities and real estate taxes for the Property.  Simply put, Kimball supports the household and the upkeep for the Property.   On information and belief, Kimball uses the Property as a family vacation home.  Moreover, there is no record of beneficiaries for the Trust and it does not terminate until 20 years following the Kimball's death.

14.     Thus, at the time the Internal Revenue Service's assessments were made, the Trust solely held record title to the Property as Kimball's nominee.  As a result, the federal tax liens arising from the assessment set forth in Paragraph 8, above, attached directly to the

Property, notwithstanding that record title to that property was held solely in the Trust's name.

15.    The United States is entitled to enforce its liens upon the entire Property, to have that property sold at a judicial sale and have the proceeds applied toward satisfaction of Kimball's tax liabilities, in accordance with the parties' respective priorities.

WHEREFORE, the plaintiff United States of America requests that this Court:

(a)    Enter judgment in favor of the plaintiff United States and against the defendant John H. Kimball, Jr. in the amount of $1,078,806.86 for the unpaid federal tax liabilities described in Paragraph 8, above, plus statutory additions from and after February 26, 2014, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c);

(b)    Determine and adjudge that the United States has valid and subsisting federal tax liens on all property and rights to property of the defendant John H. Kimball, Jr., including the Property as defined above;

(c)    Determine and adjudge that the defendant the Kimball Family Trust holds title to the Property as the defendant John H. Kimball, Jr.'s nominee;

(d)    Order that the plaintiff United States may enforce the federal tax liens against the Property to collect the tax liabilities of the defendant John H. Kimball, Jr., as set forth in Paragraph 8, above, through judicial sale, according to law, free and clear all rights, titles claims, and liens other parties to the lawsuit, with the net proceeds of the sales, after the payment of the direct costs of sale, and any real estate taxes due and owing, to be allocated among the interests of the parties in accordance with their lawful priorities; and,

(e)     Award the United States its costs, and such further relief as the Court deems just and

proper.

Dated: December 5, 2014                    TAMARA W. ASHFORD
                                           Acting Assistant Attorney General
                                           U.S. Department of Justice, Tax Division

                                           */s/ W. Damon Dennis*
                                           W. DAMON DENNIS
                                           Trial Attorney, Tax Division
                                           U.S. Department of Justice
                                           P.O. Box 55
                                           Ben Franklin Station
                                           Washington, D.C. 20044
                                           Telephone: (202) 616-1460
                                           E-mail: w.damon.dennis@usdoj.gov

*Local Counsel:*

Thomas E. Delahanty II
United States Attorney
District of Maine